(*) STEVENS *versus* MCNAMARA AND WIFE.

A purchase of land, for value, made by the advice and assistance of a third person, will have no effect to estop such third person from setting up a title subsequently acquired by him.

A sale of land by the town collector for the payment of delinquent taxes will convey no title, unless the requisite preliminary proceedings be proved.

Ordinarily, in the absence of evidence to the contrary, the continuance of the life of an individual to the common age of man, is a presumption of law.

But after an absence from his home or place of residence, seven years, without intelligence respecting him, the presumption of life will cease.

These presumptions, however, may be repelled by proofs.

ON REPORT from *Nisi Prius*, RICE, J., presiding.

WRIT OF ENTRY for two pieces of land adjoining each other, and thus making one lot, in Chelsea. The demandant purchased one of the parts in 1823, and conveyed it to his son, Jonathan Stevens, in 1825.

In 1827 he purchased the other part. In 1842 the whole lot was sold by the town collector to one Dutton for the payment of taxes upon it. Dutton, within the time allowed to the owner to redeem the land from the tax sale, conveyed the land to Patience Hart, one of the tenants, and the wife of the other. She paid her own money for it, enough to redeem the land. And in procuring that conveyance, she acted under the advice and with the assistance of the demandant, and in his presence.

This portion of the land he now claims, upon the ground that the tax sale was not a legal one, and therefore did not pass the title.

The other portion of the land he claims to hold by inheritance from his son Jonathan, who, as he alleges, has deceased. To prove that Jonathan was dead, he introduced testimony by which he attempted to show that Jonathan had been long absent, and had not been heard of for seven years before the bringing of the suit. That testimony is sufficiently adverted to in the opinion of the Court.

The case was here withdrawn from the jury, the parties agreeing that if the Court should be of opinion upon so much of the evidence as is legally admissible, that the demandant has sustained his action, the tenants shall be defaulted ; otherwise the plaintiff shall become nonsuit.

The Court to draw the inferences a jury might draw.

*Paine*, for the demandant.

*Lancaster & Baker*, for the tenants.

HOWARD, J. — The demandant acquired title to a portion of the premises demanded, in 1823, and conveyed it to his son, Jonathan Stevens, in 1825. The remaining portion was conveyed to the demandant, in 1827 ; and subsequently, in

1842, the whole was sold for taxes by a collector, and conveyed by him to the purchaser. In 1845, a daughter of the demandant, who is now one of the tenants, and wife of the other, paid the money to the purchaser, in amount sufficient, as it would seem, to redeem the estate from the sale for taxes, and took a deed of the premises to herself. This was done by the request of the demandant, in his presence, and under his direction.

As to that portion of the estate, which was owned by the demandant, when the sale for taxes took place, he is estopped by his own acts, *in pais*, to set up a title in himself as existing when the conveyance was made, by which the tenants now claim. He is concluded upon the principle that one shall not knowingly and designedly induce another to purchase an estate for a valuable consideration of a third party, and then set up a prior and better title in himself to defeat the title of the purchaser. This principle of equity, it is held, has been adopted at law, and the cases cited from English and American decisions, in *Copeland* v. *Copeland*, 28 Maine, 539, 540, appear to sustain the doctrine. *Rangely* v. *Spring*, 28 Maine, 135, opinion of WHITMAN, C. J.

But the estoppel cannot apply to the title which the demandant claims to have acquired *since* the conveyance to his daughter. To that portion of the estate owned by Jonathan Stevens, when sold for taxes, that sale conveyed no title as against the owner, the proceedings necessary to support the sale not having been shown to be legal. To that portion the demandant now asserts title, as father and sole heir to Jonathan Stevens. The death of the latter, since 1843, has not been shown, but it is contended that it must be presumed from facts appearing in evidence. Ordinarily, in the absence of evidence to the contrary, the continuance of the life of an individual to the common age of man, will be assumed by presumption of law. The burden of proof lies upon the party alleging the death of the person; but, after an absence from his home or place of residence, seven years, without intelligence respecting him, the presumption of life will cease,

and it will be incumbent on the other party asserting it, to prove that the person was living within that time. 2 Stark. Ev. 365; 1 Greenl. Ev. § 41, and cases cited.

But the demandant cannot invoke this principle to his aid; for, upon a careful examination of the testimony, it does not appear that Jonathan Stevens had been absent from Hallowell, in this State, seven years, before the commencement of this action, and whether his residence be regarded as there, or in Philadelphia, is immaterial. Hiram B. Stevens testified that Jonathan, after an absence of fourteen years, went to Hallowell in November, 1843, about the ninth day of the month, and staid there "near a week, but can't say just how long." Winter testified that Jonathan staid "when last here five or six days in 1843." Benjamin Stevens, a brother of Jonathan, testified that "he was in Hallowell in November, 1843, and staid about a month." The writ of the demandant is dated November 18, 1850. It is not proved, therefore, and we cannot assume, that Jonathan Stevens had been absent from Hallowell, the residence of his father, brothers and sister, and his home formerly, at least seven years before this suit was commenced; and we cannot lawfully presume that he was not then living. Consequently, the demandant's claim to that portion of the premises which was conveyed by him to Jonathan Stevens, is not maintained. As he must stand upon his own title, and that proving insufficient to support his action, he must become nonsuit, according to the agreement.

SHEPLEY, C. J., and WELLS, RICE and HATHAWAY, J. J., concurred.